UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

SENTEGRA, LLC,                     :

                                  :

                       Plaintiff,    :                1:15-cv-3768-GHW

                                  :

           -v -                  :        MEMORANDUM OPINION

                                  :        AND ORDER

ASUS COMPUTER INTERNATIONAL,   :

                                  :

                     Defendant.  :

                                  :
-------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/2016

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

       Defendant ASUS Computer International ("ACI") seeks to transfer this patent infringement

suit to the Northern District of California, where it is headquartered.  Plaintiff Sentegra, LLC

("Sentegra"), lacking any meaningful connection to the Southern District of New York—its

principal place of business is in Colorado, no witnesses reside in New York, and no facts material to

a patent infringement suit occurred in New York—argues that transfer is inappropriate because it

has filed separate patent infringement suits against different defendants in the current forum.

Notwithstanding Sentegra's apparent preference for the Southern District of New York as the

forum for patent infringement actions against defendants from far and yonder, for the reasons

outlined below, ACI's motion to transfer is GRANTED.

## II.    BACKGROUND[1]

       Sentegra, a Delaware limited liability company with its principal place of business in Castle

Rock, Colorado, is the owner of U.S. Patent No. 8,706,627 ("the '627 Patent").  Compl. ¶¶ 1, 3, 14.

---

[1] Unless otherwise noted, the facts are taken from the amended complaint, and are accepted as true for the
purposes of this motion.  *See Cerussi v. Union Coll.*, 144 F. Supp. 2d 265, 266 (S.D.N.Y. 2001) (accepting as true

The '627 Patent generally relates to wireless hand-held devices capable of conducting secure transactions. *Id.* ¶ 2. The complaint alleges that ACI—a California corporation with its principal place of business in Fremont, California—designs, manufactures, markets and sells ASUS-branded mobile devices that infringe upon the '627 patent. *Id.* ¶¶ 4–5, 16–20. Sentegra filed suit on May 15, 2015, bringing claims for patent infringement under 35 U.S.C. §§ 100, *et seq.*

At the time that this suit was commenced, Plaintiff was litigating a separate patent infringement action in this district—also related to the '627 Patent but against an unrelated set of defendants—*Sentegra, LLC v. LG Electronics Inc., et al.*, 1:15-cv-01535-CM. That action has since been voluntarily dismissed. Plaintiff has since filed another separate patent infringement suit in this district, also related to the '627 Patent and against an unrelated defendant, *Sentegra, LLC v. Samsung Electronics America, Inc.*, 1:15-cv-9266-VEC. That case is still active, and, as of the date of this order, a motion to dismiss has been fully briefed.

After an initial pretrial conference was held, ACI filed a motion to dismiss the complaint for improper venue under 28 U.S.C. § 1406(a), or in the alternative, a motion to transfer this action to the Northern District of California under 28 U.S.C. § 1404(a). Dkt. No. 31. ACI has since withdrawn the motion to dismiss for improper venue, in light of the Federal Circuit's decision in *In re TC Heartland LLC*, ---F.3d---, 2016 WL 1709433 (Fed. Cir. Apr. 29, 2016), but maintains the motion to transfer. *See* Dkt. No. 61.

## III.    LEGAL STANDARD

Section 1404(a) of Title 28 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Thus, section 1404(a) proposes a two-part

---

facts alleged by plaintiff or otherwise undisputed in deciding motion to transfer). Moreover, "[i]n deciding a motion to transfer, a court may consider material outside of the pleadings." *Mohsen v. Morgan Stanley & Co. Inc.*, No. 11-cv-6751 (PGG), 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (collecting cases).

test.  First, the transferee district must be one where jurisdiction over the defendant could have been

obtained at the time suit was brought, regardless of defendant's consent.  Second, the transfer must

be in the interest of justice and convenience of the parties and witnesses." *In re CenturyLink, Inc. Sec.*

*Litig.*, No. 13-cv-3839 (LTS), 2014 WL 1089116, at *1 (S.D.N.Y. Mar. 18, 2014) (alterations omitted)

(quoting *Whitehaus Collection v. Barclay Products, Ltd.,* No. 11-cv-217, 2011 WL 4036097 (S.D.N.Y.

Aug. 29, 2011)).

The parties do not dispute that Sentegra's claims could have been brought in the Northern

District of California.  Having satisfied that threshold inquiry, the Court must evaluate the following

factors to determine whether to grant a motion to transfer venue:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the
> location of relevant documents and the relative ease of access to sources of proof;
> (4) the locus of operative facts; (5) the availability of process to compel the attendance
> of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity
> with the governing law; (8) the weight accorded the plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice.

*Steck v. Santander Consumer USA Holdings Inc.*, No. 14-cv-6942 (JPO), 2015 WL 3767445, at *2

(S.D.N.Y. June 17, 2015) (quoting *Ritchie Capital Mgmt., L.L.C. v. U.S. Bank Nat. Ass'n*, No. 14-cv-

8513 (PAE), 2015 WL 1611391, at *1 (S.D.N.Y. Apr. 10, 2015)).

The list of factors is not exhaustive, *Pausch Med. GmbH v. Pausch LLC*, No. 14-cv-1945

(PAC), 2015 WL 783365, at *1 (S.D.N.Y. Feb. 24, 2015), and "[t]here is no rigid formula for

balancing these factors and no single one of them is determinative," *Citigroup Inc. v. City Holding Co.*,

97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).  Rather, "weighing the balance is essentially an equitable

task left to the Court's discretion." *Id.*  (internal quotation marks and citation omitted).  The Court,

moreover, has "broad discretion in making determinations of convenience under Section 1404(a)

and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co.*

*v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

"[T]he party requesting transfer carries the burden of making out a strong case for transfer," and district courts "have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (internal quotation marks and citation omitted).

## IV.   ANALYSIS

### A.  The Convenience of the Witnesses and the Availability of Process to Compel Attendance of Unwilling Witnesses

"Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer." *Jackson v. Avis Rent A Car Sys., LLC*, No. 14-cv-1658 (LLS), 2015 WL 1004299, at *3 (S.D.N.Y. Mar. 6, 2015) (quoting *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).  In conducting this analysis, the Court "weighs more heavily the convenience of non-party witnesses than party witnesses." *McGraw-Hill Companies Inc. v. Jones*, No. 12-cv-7085 (AJN), 2014 WL 988607, at *7 (S.D.N.Y. Mar. 12, 2014).

The party moving for transfer "must provide the Court with a detailed list of probable witnesses who will be inconvenienced if required to testify in the current forum." *Kiss My Face Corp. v. Bunting*, No. 02-cv-2645 (RCC), 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003).  The Court "does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum," but rather "must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Herbert*, 325 F. Supp. 2d at 286.  "In the context of patent litigation, particular emphasis is placed on the convenience for witnesses testifying about the technology of allegedly infringing inventions." *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013).

In support of the motion to transfer, ACI submitted a declaration from Godwin Yan, a Senior Director of Operations with ACI, describing the expected testimony of eight current

employees.  Yan Decl., Dkt. No. 33.  The eight witnesses have information "regarding marketing, sales, distribution, importation, customer service, returns, and servicing of the accused products." *Id.* ¶ 7.  Seven of the eight employees work at ACI's headquarters in the Northern District of California, and thus transfer would be more convenient for those witnesses.  The eighth is an employee of ACI's office in Atlanta, Georgia, and would be inconvenienced by either forum. Although none of the proposed testimony of the identified witnesses concerns the technology of the infringing products, the convenience of the identified witnesses is nevertheless given some weight.

ACI also asserts that non-party witnesses from Google, Inc. would be inconvenienced in the current forum.  During an initial conference, counsel for Sentegra represented that third-party discovery from Google would be "important," because of "the central role that [Google's] Android operating system plays on [ACI's] phones and tablets."  August 28, 2015 Tr. at 20:8–12, Dkt. No. 34-5.  Counsel for Sentegra indicated that discovery from Google regarding its Chrome mobile browser software would also be necessary.  *Id.* at 21:25–22:20.

In support of its assertion that Google employees would be inconvenienced by a New York forum, ACI points to previous declarations filed by Google in the Eastern District of Texas in February 2013 and the Northern District of California in 2014.  The declaration filed in the Eastern District of Texas—submitted in support of a motion to transfer venue to the Northern District of California—indicates that "the overwhelming majority of work relating to the Chrome Mobile Browser took place at Google's headquarters in Mountain View, California," and "the witnesses with knowledge about Chrome Mobile's creation, development, design, functionality, and launch are located in Mountain View, California, within the Northern District of California."  Feb. 2013 Dubey Decl. ¶ 6, Dkt. No. 34-11.  Similarly, the declaration filed in the Northern District of California— submitted in connection with an opposition to transfer venue to the Eastern District of Texas— indicates that "Google has principally developed the Android platform at Google's headquarters in

Mountain View," and "Google's engineers with relevant technical knowledge of the Android platform are also predominantly located in Mountain View."  Feb. 2014 Dubey Decl. ¶ 6, Dkt. No. 34-2.  In opposition to the motion, Sentegra notes that Google maintains its "second biggest engineering office" in New York, and therefore it is not clear whether any Google witnesses would be inconvenienced by a New York forum.  Pl.'s Opp'n Br. at 16, Dkt. No. 37.

The Court finds that it would be speculative, at this time, to assign any weight to the inconvenience of potential Google witnesses, none of whom ACI has specifically identified. Although Google witnesses may have been inconvenienced by a Texas forum in 2013 and 2014, respectively, there is no evidence suggesting that any potential Google witness would presently be inconvenienced by a New York forum.

Sentegra, on the other hand, argues that the convenience of witnesses favors a New York forum.  Sentegra argues against transfer, not because any potential witness resides in the current forum—Sentegra acknowledges that "neither party's key witnesses are located in New York," Pl.'s Opp'n Br. at 14—but rather, because several witnesses reside in Europe, and travelling from Europe to New York would be more convenient for those witnesses than travelling from Europe to California.  For instance, Sentegra's founder and the sole inventor of the '627 Patent, Jon Shore, resides in Riga, Latvia.  Shore Decl. ¶ 8, Dkt. No. 39.  Mr. Shore asserts that, due to his age and heart-related medical conditions, "traveling to the United States is difficult," which would be exacerbated by the longer travel time to California.  *See id.* ¶¶ 8–9.  Moreover, additional party and non-party witnesses reside in Italy and France, and, according to Sentegra, would likewise find travel to New York less inconvenient.  *See id.* ¶ 7.  Finally, Sentegra's remaining witnesses are located in Texas, who would be equally inconvenienced by either a New York or California forum.

Sentegra's argument regarding the convenience of witnesses residing in Europe misses the mark.  "District courts have given little, if any, weight to the convenience of witnesses who reside in

6

neither the transferor nor transferee forum." *Elec. Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*, No. 07-cv-1229 (HB), 2007 WL 2068107, at *4 (S.D.N.Y. July 20, 2007). Courts in this district have routinely refused to assign any weight to the purported "convenience" of a New York forum for witnesses traveling from Europe. *E.g., Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 130 (S.D.N.Y. 2003) (argument that New York "provides a convenient hub for witnesses traveling from Europe" is "simply not [a] relevant factor[ ] to consider in weighing the convenience to the parties"); *see also Bionx Implants, Inc. v. Biomet, Inc.*, No. 99-cv-740 (WHP), 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (Indiana forum would be no more inconvenient than a New York forum for witnesses residing in Finland because they "are already inconvenienced by having to travel thousands of miles from their homes to testify"). Moreover, while Mr. Shore asserts that his health-related condition makes travel to the United States difficult for him, the Court has no evidence that Mr. Shore's medical condition restricts his ability to travel to California, more so than his ability to travel to New York. *See* Shore Decl. ¶ 9. Thus, the Court concludes that witnesses residing in Europe would be no more inconvenienced by a California forum than a New York forum and assigns that factor no weight in its analysis.

Evaluating both the number of witnesses that would be inconvenienced and the materiality of the anticipated testimony, the Court finds that this factor weighs in favor of transfer.

### B. The Convenience of the Parties

"The convenience of the parties favors transfer when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014). Here, a transfer to the Northern District of California would increase convenience to ACI, which has its principal place of business in that district, without increasing the inconvenience to Sentegra, which has its principal

place of business in Colorado—which is located outside of both the transferor and transferee forums.  The Court finds that this factor weighs in favor of transfer.

### C.  The Location of Relevant Documents And the Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weigh in favor of transfer to that location." *Millennium, L.P. v. Hyland Software, Inc.*, No. 03-cv-3900 (DC), 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003).  Nevertheless, "this factor is entitled to relatively little weight in the modern era of faxing, scanning, and emailing documents." *McGraw-Hill Companies*, 2014 WL 988607, at *9 (internal quotation marks and citation omitted).

Here, ACI argues that it keeps all relevant documents at its headquarters in Northern California, including "financial information in enterprise resource planning that cannot practicably be copied and produced." Yan Decl. ¶ 8.  Because the bulk of relevant evidence appears likely to be stored at ACI's headquarters, the Court finds that this factor weighs slightly in favor of transfer.  ACI's unsupported assertion that it cannot produce excerpts or reports of its financial information, however, is insufficient for the Court to assign additional weight to this factor.

Sentegra contends that relevant documents are also present in New York, in the possession of Sentegra's outside counsel, and that therefore this factor should be neutral.  However, "[c]onvenience to counsel, and consequently the location of relevant documents at counsel's office, is not considered." *I Create Int'l, Inc. v. Mattel, Inc.*, No. 03-cv-3993 (JFK), 2004 WL 1774250, at *4 (S.D.N.Y. Aug. 9, 2004).  Thus, the Court finds that this factor weighs slightly in favor of transfer.

### D.  The Locus of Operative Facts

"The location of operative facts is a primary factor in determining a § 1404(a) motion to transfer." *Rosen v. Ritz-Carlton Hotel Co. LLC*, No. 14-cv-1385 (RJS), 2015 WL 64736, at *4 (S.D.N.Y. Jan. 5, 2015) (quoting *Whitehaus*, 2011 WL 4036097, at *2).  "To determine the locus of

operative facts, a court must look to the site of the events from which the claim arises." *Ivy Soc'y Sports Grp., LLC v. Baloncesto Superior Nacional*, No. 08-cv-8106 (PGG), 2009 WL 2252116, at *6 (S.D.N.Y. July 28, 2009) (quoting *AVEMCO Ins. Co. v. GSV Holding Corp.*, No. 96-cv-8323 (LAP), 1997 WL 566149, at *6 (S.D.N.Y. Sept 11, 1997)). "Operative facts in a patent infringement action include facts relating to the design, development, and production of a patented product." *Medien Patent Verwaltung AG v. Warner Bros. Entm't*, 749 F. Supp. 2d 188, 191–92 (S.D.N.Y. 2010) (quoting *Fuji Photo Film 192 Co., Ltd. v. Lexar Media, Inc.,* 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006)).

ACI acknowledges that the accused products were developed in Taiwan, where its corporate parent is based.  Def.'s Br. at 20, Dkt. No. 32.  Nevertheless, ACI asserts that the operative facts in this case also occurred in California, where the software used in the accused products was developed by Google, and also where ACI manages the promotion, sales, and marketing of the accused products.  At this stage, however, the Court has insufficient information to determine the significance of Google's software with respect to any alleged infringement.  Moreover, although ACI may have engaged in marketing and sales in the Northern District of California, "[f]ocusing on marketing and sales information makes little sense in a case such as this, where such information will not pertain to the central question of whether [ACI] actually infringed the patent.  Depending on the resolution of that question, marketing and sales information may not be necessary at all." *Tomita Techs. USA, LLC v. Nintendo Co.*, 818 F. Supp. 2d 770, 774 (S.D.N.Y. 2011).  In any event, even if some of the operative facts occurred in California, "[t]hat California is not the sole locus of operative facts weakens the case for transferring venue there." *Medien Patent*, 749 F. Supp. 2d at 191–92.

Conversely, Sentegra argues that the Southern District of New York is the relevant locus because sales of the infringing product occurred in New York.  However, "[w]here a party's products are sold in many states, sales alone are insufficient to establish a material connection to the

forum and to override other factors favoring transfer." *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 439–40 (S.D.N.Y. 2000) (quoting *Bionx Implants*, 1999 WL 342306, at *4).

Because neither party has established that the locus of operative facts supports or weighs against transfer, the Court finds this factor to be neutral.

### E.  The Availability of Process to Compel the Attendance of Unwilling Witnesses

Neither party asserts that a witness would be unwilling to testify in either forum.  "[I]f neither party asserts that a witness will be unwilling to testify voluntarily, the availability of process to compel testimony is irrelevant to the transfer analysis."  *Rosen*, 2015 WL 64736, at *4. Accordingly, this factor is neutral.[2]

### F.  The Relative Means of the Parties

"Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered."  *Coast to Coast Fabrics, Inc. v. Exact Change Only Corp.*, No. 04-cv-7300 (DAB), 2006 WL 846716, at *5 (S.D.N.Y. Mar. 29, 2006) (alterations omitted) (quoting *Berman v. Informix Corp.,* 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998)). Both parties agree that this factor carries little weight because the parties are corporate entities.  *See It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 338 (S.D.N.Y. 2010) ("Although courts can consider the relative means of parties, this factor is not entitled to great weight where plaintiff and defendant are both corporations.") (quoting *Toy Biz, Inc. v. Centuri Corp.,* 990 F. Supp. 328, 331 (S.D.N.Y. 1998)).

---

[2] ACI asserts the prosecuting attorney of the patent-in-suit, who resides in Pasadena, California, would be subject to the subpoena powers of the Northern District of California, but is outside the subpoena powers of the Southern District of New York.  However, there is no evidence that the prosecuting attorney, Ms. Khorsandi, would be unwilling to testify in either forum.  Moreover, Rule 45 provides that a district court may command testimony or production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]"  Fed. R. Civ. P. 45(c).  The Court observes that the distance between Pasadena and any court in the Northern District of California is greater than 100 miles.

Notwithstanding, ACI contends that this factor should weigh in favor of transfer because litigation in New York would "impose additional unnecessary and unwanted strain on ACI." Def.'s Br. at 21. ACI does not even argue that it has inadequate means or that a New York forum would be unduly burdensome, let alone present any evidence in support of such a contention. *See It's a 10*, 718 F. Supp. 2d at 338 ("[A] party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances.") (quoting *NBA Props., Inc. v. Salvino, Inc.,* No. 99-cv-11799 (AGS), 2000 WL 323257, at *10 (S.D.N.Y. Mar. 27, 2000). The Court therefore finds this factor to be neutral.

### G. The Forum's Familiarity With the Governing Law

"Familiarity with the governing law as a factor in determining transfer of venue is generally given little weight in federal courts . . . ." *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). Because "any district court may handle a patent case with equal skill," the Court finds this factor to be neutral. *See Smart Skins LLC v. Microsoft Corp.*, No. 14-cv-10149 (CM), 2015 WL 1499843, at *11 (S.D.N.Y. Mar. 27, 2015) (quoting *Invivo Research*, 119 F. Supp. 2d at 439).

### H. The Weight Accorded the Plaintiff's Choice of Forum

"A plaintiff's choice of forum is entitled to considerable weight and is generally not disturbed unless the balance of the factors strongly favors transfer." *McGraw-Hill*, 2014 WL 988607, at *7. Where "the forum selected is not plaintiff's home forum or the place where the operative facts of the action occurred," however, "this diminishes the weight assigned to this factor." *Id.*; *see also Hix v. Morgan Stanley & Co. LLC*, No. 15-cv-217 (LTS) (JCF), 2015 WL 1726548, at *2 (S.D.N.Y. Apr. 15, 2015) ("[A] plaintiff's choice of forum is given less deference when it is not her home district."); *Simpson v. Rodas*, No. 10-cv-6670 (CS), 2012 WL 4354832, at *10 (S.D.N.Y. Sept.

11

21, 2012) (importance of plaintiff's choice "measurably diminishes" where operative facts "have few meaningful connections" to plaintiff's chosen forum).

The Southern District of New York is not Plaintiff's home forum and the operative facts, as described above, have only a limited connection to the Southern District of New York. Sentegra's choice of forum weighs against transfer, but the weight of this factor is substantially diminished.

### I.   Trial Efficiency and the Interests of Justice

"The Court's consideration of whether transfer is in the interest of justice is based on the totality of the circumstances, and relates primarily to issues of judicial economy[.]" *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). Sentegra primarily argues that trial efficiency weighs against transfer because it has also filed a separate patent infringement action in this district related to the '627 Patent, albeit against an entirely unrelated defendant, and thus would face the possibility of inconsistent judgments if the present action was transferred to the Northern District of California.

Sentegra's concerns are misplaced. First, even if this case were to proceed in the Southern District of New York, it would proceed separately from any other patent infringement action against unrelated defendants. *See Pergo*, 262 F. Supp. 2d at 133 ("Without ever raising any concerns about the potential for inconsistent judgments, courts consistently deny the joinder of unrelated parties into one action, even where the infringement of the same patent is alleged, and thereby allow for the actions against those defendants to proceed separately."). Moreover, "[p]atent holders often litigate cases and bring claims alleging infringement of the same patent in multiple jurisdictions against different parties. They are able to avoid discrepancies by application of the doctrine of collateral estoppel and by appealing decisions to the Court of Appeals for the Federal Circuit." *Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 415–16 (S.D.N.Y. 2010). Thus, parallel suits

in separate district courts present no greater risk of inconsistent judgments than parallel suits in the current forum.

The Court also notes that the earlier-filed case related to the '627 Patent has been dismissed. Although Sentegra has since commenced another action in this district, a party cannot simply use a related case "as a magnet to attract other cases . . . to a forum where those cases would not otherwise be." *Id.* at 415. Thus, given the lack of connection of any meaningful connection with the Southern District of New York, the Court finds this factor to be neutral. *See CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 26 (S.D.N.Y. 2012) (granting motion to transfer where "there is no record evidence of substantial sales in the district as compared to elsewhere, no clear indication that witnesses with unique knowledge in or near the district, and no party has its home in the district," and thus, no "significant connection of this litigation to the Southern District of New York that is not the result of [the plaintiff's] decision to litigate here, rather than elsewhere").

**J. Balancing of the Interests Favors Transfer**

Weighing the factors set forth above, the Court concludes that ACI has met its burden of demonstrating by clear and convincing evidence that transfer is appropriate. Although a number of factors are neutral or given little weight, transfer to the Northern District of California would increase convenience to ACI and a number of witnesses, without materially increasing the inconvenience to Sentegra or any witnesses.

## V.  CONCLUSION

For the reasons set forth above, ACI's motion to transfer venue to the U.S. District Court for the Northern District of California is GRANTED.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 31.

SO ORDERED.

Dated:  June 1, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge